IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN H. LAWTON, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:06-CV-646 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | Magistrate Judge King |
| PERRY TOWNSHIP POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff-Appellant Norman H. Lawton's ("Lawton") Motion for Review of Complaint for Negligence (Doc. 33). For the reasons set forth below, Lawton's Motion is **DENIED**.

### II. BACKGROUND

On July 28, 2006, Lawton initiated this action in this Court alleging that Defendants, officers of the Perry Township Police Department and the Worthington Police Department (collectively, "Defendants") had failed to investigate criminal activity or other wrongdoing. On March 8, 2007, this Court entered an Order dismissing this case. Specifically, this Court found that Lawton had failed to state a claim upon which relief could be granted in either his Complaint or Amended Complaint.[1]

---

[1]This Court noted that:
There is not constitutionally protected right to have one's claim against another person investigated. *See DeShaney v. Winnegabo County Dep't of Social Services*, 489 U.S. 189, 195 (1989). "No federal appellate court, including the

-1-

On June 5, 2008, the Sixth Circuit affirmed this Court's dismissal of Lawton's cause of action. The Court of Appeals held that: (1) Lawton was not entitled to receive pauper status; (2) Lawton's appeal was not frivolous; and (3) failure by police to investigate domestic violence complaints did not create a constitutional right. (Joint Mot. of All Def. for Calc of Damages, Ex. 1; Resp. in Support of Def. Joint Mot., Ex. 1.) After the Sixth Circuit's decision, the Defendants moved for an award of "just damages," including attorney fees and double costs as allowed under Federal Rule of Appellate Procedure 38. (*Id.*) The Sixth Circuit granted Defendants' motion and remanded the case to this Court for calculation of damages in accordance with Rule 38. (Doc. 31.)

Upon remand, Magistrate Judge King, in conference with the parties, attempted to negotiate a settlement on the issue of damages. The negotiations resulted in two proposed settlement agreements. The parties, however, did not agree upon the terms of either settlement agreement, and these documents remained unsigned. (Doc. 32 Ex. 1, "Settlement Agreement and General Release" and "Stipulation and Agreed Order"). As a result, Magistrate Judge King ordered the parties to file motions "with appropriate evidentiary support" regarding costs incurred by the Defendants as a result of Lawton's appeal. (Doc. 30.)

Defendants filed their motion, with supporting affidavits, requesting damages totaling $33,857.50. (Doc. 31.) Lawton filed his response: (1) arguing that the litigation and subsequent

---

> Supreme Court...has recognized that there is a federally enforceable right for the victim [of a crime] to have criminal charges investigated at all." *White v. City of Toledo*, 217 F. Supp. 2d 838, 841-42 (N.D. Ohio 2002); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (there is no federally protected right to compel the arrest of another).

(Doc. 7 p. 2.)

appeals to the Sixth Circuit and the Supreme Court were not frivolous; (2) claiming that an error by the district court clerk omitted papers that caused the district court, and later the appellate court, to err in their adjudication of Lawton's suit; and (3) opposing the award of attorney fees.

Lawton then filed the "Motion for Review of Complaint for Negligence when the Plaintiff Does Not Know Who is Responsible," which is currently before this Court.(Doc. 33.) In his motion, Lawton claims that service of the Defendants' Joint Motion for Damages was insufficient because Lawton did not receive the motion by the required filing date of May 29, 2009. As a result, Lawton purchased a copy of the Defendants' motion from the District Court Clerk and claimed damages of $6.40 from the Defendants for an alleged failure to serve their motion by the ordered date.

### III. STANDARD OF REVIEW

Courts are compelled to follow the law already decided in an action under the "law of the case doctrine," that posits "when a court decides upon a rule of law, that decision should continue to govern…." *Doyle v. City of Columbus*, 41 F. Supp. 2d 765, 767 (S.D. Ohio 1998) (*citing Arizona v. California*, 460 U.S. 605, 618–19 (1983)). The law of the case doctrine requires that once issues have been decided, they can only be reopened in limited, exceptional circumstances. *See Petition of United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973), *cert. denied*, 414 U.S. 859 (1973).

On remand, the mandate to a district court and the accompanying opinion constitutes the law of the case. *See Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1996); *Hildreth v. Union News Co.*, 315 F.2d 548, 550 (6th Cir. 1963); *see also Cherokee Nation v. State of Oklahoma*, 461 F.2d 674, 677 (10th Cir. 1972), *cert. denied*, 409 U.S. 1039 (1972). The mandate

given to this Court in an appellate remand is part of the law of the case doctrine. *See Miles v. Kohli & Kaliher Assoc., Ltd.*, 917 F.2d 235, 241 (6th Cir. 1990) (*citing Coal Resources, Inc. v. Gulf & W. Indus. Inc.*, 865 F.2d 761, 766–67 (6th Cir.1989).

## IV. LAW AND ANALYSIS

Providing liberal construction to Lawton's claim of negligence reveals it is a claim for damages resulting from ineffective service of Defendants' motions upon Lawton. The Federal Rules of Civil Procedure require that any document, other than the complaint which must be served, must be timely filed and served upon the opposing party. FED. R. CIV. P. 5(d). In order to serve papers properly upon a party, the Federal Rules of Civil Procedure allow service by mail, and such service is complete upon the mailing of the documents. FED. R. CIV. P. (b)(2).

Although Lawton may not have received the Defendants' motion for damages on May 29, 2009, the determinative date for service upon an opposing part is the date the motion was mailed. Here, the Defendants' motion was mailed May 15, 2009. Therefore, no tort arises from Plaintiff's failure to receive the Defendants' motion by May 29, 2009. This Court therefore **DENIES** Plaintiff's claim of negligence against unknown parties.

## V. CONCLUSION

For the foregoing reasons Lawton's Motion for Review of Complaint for Negligence is **DENIED**.

**IT IS SO ORDERED.**

             **s/Algenon L. Marbley**
             **ALGENON L. MARBLEY**
             **UNITED STATES DISTRICT COURT**

**Dated: January 5, 2010**